RECORD NO. 13-4997

In The
# United States Court of Appeals
For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

## JULIUS NESBITT, a/k/a Butch,

*Defendant – Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT CHARLESTON

### BRIEF OF APPELLANT

David B. Betts
ATTORNEY AT LAW
276 Mariners Circle, Suite 201
Columbia, South Carolina  29212
(803) 407-6885

*Counsel for Appellant*

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF SUBJECT MATTER
        AND APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT

        After Remand for Resentencing, the District Court Again Failed to
        Provide an Adequate Explanation for the Sentence Imposed  . . . . . . . . . . . 7

        Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
        Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**CASES:**                                                                                                    **PAGES**

*Gall v. United States*,
    552 U.S. 38 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rita v. United States*,
    551 U.S. 338 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Boulware*,
    604 F.3d 832, 837 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,10

*United States v. Johnson*,
    587 F.3d 625 (4th Cir 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Lynn*,
    592 F.3d 572 (4th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES:**

14 U.S.C. § 88(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 922(g)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 924(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATUTES (Cont.):**                                                                                                                 **PAGES**

18 U.S.C. § 924(c)(1)(A)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,8

18 U.S.C. § 3553(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,10

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. § 841(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

21 U.S.C. § 841(b)(1)(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

21 U.S.C. § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# STATEMENT OF SUBJECT MATTER
# AND APPELLATE JURISDICTION

This case arises from the conviction and sentence of the Appellant, Julius Nesbitt in August, 2010. This appeal is from Nesbitt's sentence after remand by this Court to the district court for resentencing which had jurisdiction pursuant to 14 U.S.C. § 88(c), 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924( c)(1)(a)(1) and 3231 as well as 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. This court has appellate jurisdiction pursuant to 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and Rule 4(b) of the Federal Rules of Appellate Procedure.

## ISSUE PRESENTED FOR REVIEW

I        Whether the District Court Provided an Adequate Explanation for the Sentence it Imposed upon Appellant Nesbitt after Remand for Resentencing.

## STATEMENT OF THE CASE

Julius Nesbitt was the sole defendant named in a six count indictment filed in the District of South Carolina on November 12, 2008. He was charged with conspiracy to possess with the intent to distribute and distribution of a quantity of Oxycodone, (Count 1); possession with intent to distribute a quantity of Oxycodone (Counts 2 and 3); possession of a firearm in connection with a drug trafficking crime (Count 4);

being a felon in possession of a firearm (Count 5); and causing the United States Coast Guard to attempt to save his life when no such attempt was necessary, all in violation of, respectively, 21 §§ 841(a)(1), 841(b)(1)( C) and 846; 18 U.S.C. § 924( c)(1)(A)(I), 922(g)(1), 924(a)(2); and 14 U.S.C. § 88 ( c).

On June 9, 2010 Nesbitt filed a notice of appeal regarding the district court's refusal to order a *Frank's* hearing and failure to reconsider his suppression motion. That appeal, 10-4645, was dismissed on July 30, 2010 for lack of jurisdiction because the appeal was not from final orders.

On August 26, 2010, following a 3 day trial, Nesbitt was convicted on Counts 1, 2, 3, 5 and 6. The jury could not reach a verdict on Count 4, the 924(c) charge. On November 22, 2010 Nesbitt was sentenced to a term of imprisonment of 151 months, consisting of 151 months on Counts 1, 2 and 3, 120 months on Count 5 and 72 months on Count 6, all terms to run concurrently. Nesbitt was also sentenced to serve 3 years of supervised release on each count of conviction, these terms to run concurrently as well. He was ordered to pay a $500 special assessment and $170,114.06 in restitution. Judgment was entered on November 30, 2010 and notice of appeal was timely filed on December 1, 2010.

On February 6, 2012, in an unpublished, per curiam opinion, 10-5221, this

Court affirmed Nesbitt's convictions, but vacated his sentence and for resentencing because the district court failed "to provide an adequate explanation for its chosen sentence." Nesbitt's Petition for Rehearing was denied on February 16, 2012 and the United States Supreme Court denied his petition for certiorari, 12-8398, on February 25, 2013.

After a new sentencing hearing on December 16, 2013, the district court ordered the identical sentence it had previously imposed. An amended judgment was entered on December 19, 2013 and Nesbitt timely filed his notice of appeal on December 26, 2013.

Upon remand for resentencing, new counsel was appointed to represent Mr. Nesbitt, but he elected at the hearing to proceed *pro se*. JA 31, ll 3-6. Counsel was then appointed as standby counsel and Nesbitt claimed he was entitled to a de novo review of all previous factual determinations for resentencing purposes. JA 33, l 4. The Government contended the facts establishing the applicable Sentencing Guideline range had already been determined by the district court at the original sentencing hearing and were not appealed previously so Nesbitt should be resentenced based upon the previously established Guidelines with the district court merely providing an

explanation for the sentence it imposed. JA 35, ll 3-6. The district court seemed to agree with the Government, but indicated it would allow Nesbitt to make whatever record he deemed appropriate. JA 35, ll 7-15. After hearing objections to the PSR, the district court overruled all of them. JA 36-115. Just as it had done at the original sentencing, and as indicated in the PSR, it determined that Nesbitt's criminal history was II, offense level was 32 and the sentencing guideline range was 135 to 168 months. JA 116, ll 8-14.

The Government urged the district court to consider a sentence at the high end of the Guideline range because: (1) the drug offense alone was a serious offense involving a significant quantity of drugs, (2) the danger servicemen and women of the Coast Guard were placed in while they searched for Nesbitt when he faked his death at sea, (3) he committed other crimes in Indiana while attempting to evade the South Carolina charges, and (4) he lied throughout his proffer. JA 117-121.

Nesbitt contended that his previous 151 month sentence was excessive advising the court that just before trial the Government offered him a sentence of only 8 years which included 5years for the 924(c) charge. He refused the offer because he said he was not guilty of the gun charge. He claimed he would have accepted the plea offer otherwise and since the jury did not convict him of that charge he argued that a 3 year

4

sentence would be more appropriate. JA 125, ll 3-23. Nesbitt's standby counsel then argued for a lower sentence because he was 65 years old, had had a clean record for nearly 20 years, and his criminal history was partially driven by the unfortunate timing of his sentencing in the Indiana counterfeiting case. JA 126, l 1 -127, l 25.

After a break, the district court indicated that it had considered: (1) the advisory Sentencing Guidelines, (2) the relevant factors under 18 U.S.C. § 3553(a), (3) the nature and circumstances of the offense, (4) Nesbitt's history and characteristics, (5) portions of the trial transcripts to refresh its memory, (6) the PSR and, (7) the Fourth Circuit's remand Order. JA 128, l 20 -129, l 3.

With regard to the specific sentencing factors the district court considered, it made the following observations, among others:

> On the sentencing factors, the first sentencing factor is to reflect the seriousness of the offense. It's a serious offense. There is lots of OxyContin. There is also putting the Coast Guard personnel at risk in November, in Winyah Bay, costing the Government $170,000.
> ***

JA 129, ll 4-8.

> Second is to promote respect for the law. And I think basically, you know, everything I've seen so far is, you know, Mr. Nesbitt will lie to anyone about anything to benefit himself. I mean, he lied to his mother

5

> when he disappeared. He had his sister lie to his mother by not telling him [sic] that he was really alive. His mother was 87 years old at the time. He put–faked the ID's in Indiana. He did the false deed in Georgetown, South Carolina. He lied on his proffer. He lied—and he committed a crime while he was on the run. So, you know, he hasn't shown much respect for the law at least after this 20- year period, as [standby counsel] pointed out, and it's been pretty much doing whatever he needs to do to protect himself.
>
> Third factor is provide just punishment for the offense. I don't know what just punishment is...everybody has a different idea of what just punishment is.

JA 130, ll 5-23.

> The sentence will adequately deter Mr. Nesbitt's criminal conduct. You know, that speaks for itself. I mean, he's going to be incarcerated. And there has been no evidence of any criminal conduct whatsoever while he's been incarcerated. I mean, as [standby counsel] pointed out, and Exhibit 2 reflects, he's done the best he can to take advantages of what is available to him in the Bureau of Prisons.
>
> And to protect further crimes from–further crimes of the defendant. I mean, incarceration does protect the public from further crimes. And like I said, there is nothing that I can see that he's committed any further crimes from jail. And I've had other defendants that have committed further crimes from jail, so it's not impossible.
>
> And to provide Mr. Nesbitt with education or vocational training, medical care, correctional treatment. He certainly has–he's got–had some medical problems. He's got diabetes. He's got high blood pressure. He's got cholesterol. There is no evidence that these conditions are not treatable and under control at FCI Coleman.
>                              \*\*\*

JA 130, l 24 - 131, l 17.

6

Without further explanation, the district court then simply imposed the identical sentence that it had previously imposed. JA 132, ll 3-13. After the hearing it also prepared a written Statement of Reasons for the sentence selected within the guideline range stating only "Significant drug weight." JA 188.

## SUMMARY OF THE ARGUMENT

The district court failed to provide an adequate explanation on the record in open court for the sentence it imposed upon the Appellant when he was resentenced to the identical sentence as originally imposed.

## ARGUMENT

> After Remand for Resentencing, the District Court Failed to Provided an Adequate Explanation in Open Court for the Sentence it Imposed.

**Standard of Review**

Because Nesbitt urged the district court to sentence him well below the bottom of the applicable guideline range, and because his standby counsel argued that a bottom of guideline range or even a below guideline sentence would be justified because of Nesbitt's age, health and limited criminal history, any procedural error during sentencing was preserved. As a result, the adequacy of the district court's

explanation for the sentence imposed after remand for resentencing is reviewed under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 45 (2007); *United States v. Lynn*, 592 F.3d 572, 578-79 (4th) Cir. 2010.

**Legal Argument**

The sentence imposed upon Nesbitt on remand for resentencing must first be reviewed for significant procedural errors including whether the § 3553(a) factors were considered and whether the sentence chosen was adequately explained by the district court. *Gaul*, 552 U.S. at 51. "When rendering a sentence, the district court 'must make an *individualized* assessment based on the facts presented.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gaul*, 552 at 50)(emphasis added in *Carter*). The relevant 18 U.S.C. § 3553(a) factors must be applied by the sentencing court to the facts presented and the particular reasons that support its chosen sentence "state[d] in open court." *Id*. citing 18 U.S.C. § 355(c) (2006) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence" and where a sentence is a within-Guideline sentence, but the sentencing range exceeds 24 months also state "the reason for imposing a sentence at a particular point within the range") Its explanation need not be exhaustive, but

must be "sufficient 'to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Boulware*, 604 F.3d 832, 837 (4th Cir. 2010) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007). When the sentence imposed is a within-Guidelines sentence, the district court "may provide a less extensive, while still individualized, explanation" for the sentence imposed. *United States v. Johnson*, 587 F.3d 625, 639 (4th Cir 2009).

Before pronouncing sentence, the district court mentioned a few specific § 3553(a)(2) factors it considered. It said it was a serious offense because there was "lots of OxyContin" and because the Coast Guard personnel had been put at risk. JA 129, ll 4-12. As for promoting respect for the law, it indicated a belief that Nesbitt had shown no respect for the law. JA 130, ll 5-17. As to whether the sentence it imposed constituted "just punishment" it indicated it did not know what the term meant and that all parties would have a different idea as to what it meant. JA 130, ll 18-22. As for deterring further criminal conduct by Nesbitt it observed "that speaks for itself"..."he's going to be incarcerated". JA 130, l 24 - 131, l 1. Finally, the

9

district court indicated there was no evidence that Nesbitt's medical conditions could not be properly treated while incarcerated. JA 131, ll 16-17.

The district court initially indicated that it had considered Nesbitt's "history and characteristics", but then said nothing as to how either affected the sentence it imposed. JA 128, ll 22-24. And it failed to state "in open court" the reason for imposing the sentence at the "particular point within the range" as required by § 3553(c)(1). Also, there is nothing in the record to indicate that the district court "has considered [either of] the parties' arguments and has a reasoned basis for exercising is own decisionmaking authority." *Boulware, Supra.*

## CONCLUSION

In short, the district court again failed to "make an *individualized* assessment based upon the facts presented" before pronouncing its sentence. *Carter* at 328. And thus has failed to provide an adequate explanation for the sentence imposed. As a result, Nesbitt's sentence should be vacated and remanded for resentencing. In doing so, Counsel would urge this Court to clarify whether such resentencing hearing should be de novo, requiring reconsderation again of all objections to the PSR, or whether it should be limited to the district court's establishment on the record and in open court

10

of the facts relied upon and its reasons for selecting the sentence it imposes as this was not clearly address in its first remand Order.

Respectfully submitted this 23rd day of April, 2014.

**LAW OFFICES OF
DAVID B. BETTS**


/s/ *David B. Betts*
David B. Betts, Fed. Id. No. 1324
Attorney for Appellant
276 Mariners Circle--Suite 201
Columbia, SC 29212
Phone: (803) 407-6885
E-mail: Bettslaw@sc.rr.com

11

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No.  __13-4997__                                    Caption:  ___United States v. Julius Nesbitt___

**CERTIFICATE OF COMPLIANCE UNDER FED. R. APP. P. 32(A)(7)**

COUNSEL MUST COMPLETE AND INCLUDE THIS CERTIFICATE IMMEDIATELY BEFORE THE CERTIFICATE OF SERVICE FOR ALL BRIEFS FILED IN THIS COURT.

1.  This brief was prepared using (SELECT AND COMPLETE ONLY ONE):

    __X__  Fourteen point, proportionally spaced, serif typeface (such as CG Times or Times New Roman).  Do NOT use sans serif typeface such as Arial or any font which does not have the small horizontal or vertical strokes at the ends of letters).  Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, CG Times, 14 point):

    WordPerfect X3, Times New Roman, 14 Point

    _____  Twelve point, monospaced typeface (such as Courier or Courier New).  Specify software name and version, typeface name, and point size below (for example, WordPerfect 8, Courier, 12 point):
    _____

2.  EXCLUSIVE of the corporate disclosure statement; table of contents; table of citations; statement with respect to oral argument; any addendum containing statutes, rules, or regulations; and the certificate of service, the brief contains (SELECT AND COMPLETE ONLY ONE):

    __X__   __11__   Pages (give specific number of page; may not exceed 30 pages for opening or answering brief or 15 pages for reply brief); OR

    _____  Words (give specific number of words; may not exceed 14,000 words for opening or answering brief or 7,000 for reply brief)--Some word processing programs, including certain versions of Microsoft Word, do not automatically count words in footnotes, making it necessary to manually add the word count from footnotes to obtain the total word count; OR

    _____  Lines of Monospaced Type (give specific number of lines; may not exceed 1,300 lines for opening or answering brief or 650 for reply brief; may be used ONLY for brief prepared in monospaced type such as Courier or Courier New).

I understand that a material misrepresentation may result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief.

__/s/ *David B. Betts*__                                        __April 23, 2014__
Signature of Filing Party                                                Date

## CERTIFICATE OF SERVICE

      I hereby certify that on April 23, 2014 I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Peter T. Phillips, AUSA

                                     /s/ *David B. Betts*
                                       David B. Betts, Fed. Id. No. 1324
                                       Attorney for Appellant
                                       276 Mariners Circle--Suite 201
                                       Columbia, SC 29212
                                       Phone: (803) 407-6885
                                       E-mail: Bettslaw@sc.rr.com